# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| AMANDA CONKLIN | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) Jury Trial Demanded |
| AMERICAN NATIONAL PROCESSING, INC. | ) |
| Defendant. | ) |

# COMPLAINT

Now comes Plaintiff, Amanda Conklin, by and through her undersigned counsel and is seeking relief for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., the Pregnancy Discrimination Act, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401 et seq.:

## JURISDICTION AND VENUE

1. Pursuant to 42 U.S.C. § 2005e-5(f)(1), Plaintiff filed a charge of discrimination with the Equal Employment Commission in June of 2013 (EEOC Charge No. 494-2013-01400). The EEOC issued a Notice of Suit Rights on Plaintiff's Charge within 90 days prior to the filing of this Complaint in April of 2014.

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, The Pregnancy Discrimination Act, as amended, and the Tennessee Human Rights Act, as amended, for employment discrimination. Jurisdiction and venue exist pursuant to 42 U.S.C. § 2000e-5(f)(3). Equitable and other relief are also sought under 42 U.S.C. § 2000e-5(g).

1

## PARTIES

3. Plaintiff, Amanda Conklin (hereinafter referred to as "Ms. Conklin"), is an adult individual citizen and legal resident of the State of Tennessee, residing at 5288 Betts Road, Greenbrier, TN 37073.

4. Defendant, American National Processing Inc., (hereinafter referred to as "Defendant") is a business corporation qualified to do and regularly conducting business in the State of Tennessee, with its principal place of business at 2550 HIGHWAY 41 S, GREENBRIER, TN 37073-4545 USA, and can be served through its Registered Agent, Jennifer L. Winters, at 2550 HIGHWAY 41 S, GREENBRIER, TN 37073-4545 USA. Defendant also operates as American National Payments out of St. Louis, Missouri.

## BACKGROUND

5. Ms. Conklin was employed by Defendant for an extended period of time beginning on or about January 4th, 2010 and ending on or about October 25th, 2012.

6. Ms. Conklin was employed by Defendant as a sales representative at the beginning of her employment.

7. Ms. Conklin was promoted to office supervisor around July 28, 2012.

8. During the period of employment, Ms. Conklin was subject to sexual jokes and inappropriate remarks from agents of the Defendant, including a principal officer of the Defendant, Mr. Michael Winters.

9. On or about October 23, 2012, Ms. Conklin was terminated from her employment with Defendant.

10. Ms. Conklin was around eight (8) months pregnant at the time of termination.

11. Upon information and belief, Mr. Winters sarcastically asked another employee, "What good is a manager on maternity leave?"

12. Upon information and belief, Ms. Conklin's termination was due to her pregnancy.

13. Upon information and believe, Ms. Conklin's termination was not due to work related performance.

14. Ms. Conklin was receiving $35,500 in annual salary plus commissions from the Defendant at the time of her termination.

15. Ms. Conklin was due commissions at the time of her termination that are estimated at $25,000.

16. Ms. Conklin was unable to find stable employment for an extended period of time due to the termination of work.

17. Ms. Conklin was employed from February 2013 to September 2013 at American Equity Mortgage receiving $9 at hour during training, then $13 per hour in pay at the time her department was cut in September of 2013.

18. Ms. Conklin is currently employed by 5/3 Bank, and has been since February of 2014 receiving $2,000 per month in income.

## **COUNT I: VIOLATION PREGNANCY DISCRIMINATION ACT**

19. Plaintiff hereby avers and incorporates by reference all statements and allegations previously set forth as if fully set forth herein.

20. The Pregnancy Discrimination Act of 1978 amended Title VII of the Civil Rights Act of 1964 to prohibit sex discrimination on the basis of pregnancy.

21. Defendant, at all times, has employed 15 or more persons on a regular basis, including Plaintiff.

22. In order to establish a claim for pregnancy discrimination, Ms. Conklin must show that:

    A. She was pregnant;

    B. She was qualified for her job;

    C. She was subjected to an adverse employment decision;

    D. There is a nexus between her pregnancy and the adverse employment decision.

23. Ms. Conklin would show:

    A. She was pregnant at the time of the firing;

    B. She had good job performance and was qualified to perform her job;

    C. She was terminated from employment;

    D. Her termination was due to her pregnancy.

24. Therefore, Defendant violated the Pregnancy Discrimination Act by terminating Ms. Conklin.

25. Ms. Conklin was unable to find employment for a matter of time and is entitled to damages.

26. Ms. Conklin further was underemployed for a period of time due to no fault of her own and is entitled to the difference in compensation between her wages with Defendant and her wages at her employers after termination.

27. Plaintiff avers that upon successfully prevailing upon the violation of the Pregancy Discrimination Act, all attorney fees are recoverable and are demanded against Defendant.

## COUNT II: SEXUAL HARRASMENT

28. Plaintiff hereby avers and incorporates by reference all statements and allegations previously set forth as if fully set forth herein.

4

29. Defendant, at all times, has employed 15 or more persons on a regular basis, including Plaintiff.

30. Defendant has engaged in conduct which violated 42 U.S.C. 2000e-2(a)(1) and 42 U.S.C. 2000e(k) by: (i) subjecting Plaintiff to a hostile work environment though embarrassing and harassing statements regarding her pregnancy; (ii) subjecting Plaintiff to a hostile work environment through embarrassing and harassing statements regarding women and other comments of a sexual nature, and (iii) terminating Plaintiff's employment due to her pregnancy.

31. Plaintiff avers that upon successfully prevailing upon the violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., all attorney fees are recoverable and are demanded against Defendant.

## COUNT III: TENNESSEE HUMAN RIGHTS ACT

32. Plaintiff hereby avers and incorporates by reference all statements and allegations previously set forth as if fully set forth herein.

33. Defendant, at all times, has employed 8 or more persons on a regular basis, including Plaintiff.

34. Defendant engaged in conduct which violated T.C.A. § 4-21-401 et seq. by: (i) subjecting Plaintiff to a hostile work environment though embarrassing and harassing statements regarding her pregnancy; (ii) subjecting Plaintiff to a hostile work environment through embarrassing and harassing statements regarding women and other comments of a sexual nature, and (iii) terminating Plaintiff's employment due to her pregnancy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands:

A. That process issue and all parties be required to respond in accordance with the Federal Rules of Civil Procedure;

B. Declaration that the Defendant violated Plaintiff's rights with regards to sex discrimination of the Civil Rights Act of 1964, the Pregnancy Discrimination Act, and the Tennessee Human Rights Act;

C. Compensatory damages to Plaintiff for all salary and benefits lost due to Defendant's unlawful actions;

D. Damages to Plaintiff for embarrassment and humiliation;

E. Award to Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, costs, and expenses; and

F. For such other relief as this Court deems just and proper.

Respectfully submitted,

MCNULTY & ASSOCIATES, PLLC

/s/Luke D. Bottorff
Luke D. Bottorff, BPR # 31036
Michael J. McNulty, BPR # 25974
211 Printers Alley, Suite 400
Nashville, TN 37209
(615) 829-8250
Luke@McNultyTN.com
Attorneys for Plaintiff