IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMANDA CONKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:14-cv-1069 |
| v. | ) | |
| | ) | Judge Nixon |
| AMERICAN NATIONAL PROCESSING, | ) | Magistrate Judge Bryant |
| INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant American National Processing, Inc.'s ("ANP")

Motion Dismiss Plaintiff's THRA Claims ("Motion") (Doc. 11), in which ANP requests the

Court to dismiss Plaintiff Conklin's pregnancy discrimination and sexual harassment claims

brought pursuant to the Tennessee Human Rights Act ("THRA") for failure to file within the

one-year statute of limitations period. (Doc. 11 at 3.)

Under the THRA, "[a] civil cause of actions . . . shall be filed . . . within one (1) year

after the alleged discriminatory practice ceases." Tenn. Code Ann. § 4-21-311(d). An aggrieved

employee may elect to seek administrative relief first, but the statute of limitations period is not

tolled while administrative charges are pending. *Puckett v. Tennessee Eastman Co.*, 889 F.2d

1481, 1485–86 (6th Cir.1989); *Bennett v. Steiner-Liff Iron & Metal Co.*, 826 S.W.2d 119, 120–

21 (Tenn. 1992) (finding the statute of limitations was not tolled while Plaintiff pursued her

THRA claims with the Tennessee Human Rights Commission).

As a matter of law, Defendant's alleged discriminatory practices ceased—and the one-

year limitations period began to run—no later than when Plaintiff's employment was terminated

October 23, 2012. (Doc. 1 ¶ 9.) *See Booker v. The Boeing Co.*, 188 S.W.3d 639, 645 (Tenn.

2006) ("a discriminatory termination ceases and is complete when the plaintiff is given

unequivocal notice of the employer's termination decision, even if employment does not cease

until a designated date in the future") (citation and brackets omitted). While Plaintiff filed

charges with the EEOC (Doc. 1 ¶ 1), this administrative action did not toll the statute of

limitations period. Plaintiff's complaint does not allege any cognizable THRA injury beyond the

date of termination, therefore Plaintiff's date of termination started the statute of limitations

period. Because Plaintiff's filed her complaint on February 29, 2014, more than one year

removed from the date of her termination, Plaintiff's THRA claims are time-barred and must be

dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547

(6th Cir. 2012) (finding 12(b)(6) dismissal is appropriate where "allegations in the complaint

affirmatively show that the claim is time-barred"). Thus, the Court hereby **GRANTS** the motion

and **DISMISSES with prejudice** Plaintiff's THRA claims.

It is so **ORDERED.**

Entered this the _22nd_ day of October, 2014.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT